Filed 10/19/22  P. v. Potts CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F081141 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. VCF041052D-98) |
| JAMES EDWARD POTTS, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Stephen Greenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christina H. Simpson and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Peña, J. and Snauffer, J.

## INTRODUCTION

Petitioner James Edward Potts petitioned the superior court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on his conviction for the first degree murder of Byron Jennings III. The superior court denied the petition at the prima facie stage after finding petitioner ineligible for relief. (See § 1172.6, subd. (c).)

On appeal, petitioner argues the denial of his petition at the prima facie stage was erroneous. We agree. We therefore reverse the superior court's order denying the petition and remand with directions to issue an order to show cause.

## PROCEDURAL HISTORY[2]

In 1998, an information was filed alleging petitioner, along with codefendants Larry Ward, Randy Spohn, and Daniel Blunt, committed the following offenses against Jennings: murder (§ 187, subd. (a); count 1), robbery (§ 211; count 2), burglary (§ 459; count 3), and receiving stolen property (§ 496, subd. (a); count 4). As to count 1, the information alleged the special circumstances that the murder was committed during the commission of a robbery and burglary. (§ 190.2, subd. (a)(17)(A), (G).) As to petitioner and Blunt only, the information also alleged prior conviction allegations.[3] (*People v. Ward* (Oct. 22, 2002, F035608) [nonpub. opn.] (*Ward*).)

During trial, petitioner pled no contest to receiving stolen property. The robbery count against him was dismissed. A jury found petitioner guilty of first degree murder and burglary, and found both special circumstances to be true. During the penalty phase,

---

[1] Undesignated statutory references are to the Penal Code. Former section 1170.95 recently was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the current section 1172.6 in this opinion.

[2] We dispense with a statement of facts, as the facts underlying the offenses are not pertinent to the issues raised on appeal.

[3] As to Ward and Spohn only, the information also alleged weapon use and great bodily injury enhancements. (§§ 12022, subd. (b), 12022.7.)

the jury selected life without the possibility of parole as the appropriate penalty. Petitioner was sentenced on count 3 to the upper term of six years, and on count 1 to a consecutive term of life without the possibility of parole. On appeal, we affirmed.[4] (*Ward*, *supra*, F035608.)

Petitioner filed a section 1172.6 petition for resentencing on his murder conviction on February 21, 2019.[5] Counsel was appointed to represent petitioner. The prosecution opposed the petition on the grounds Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) is unconstitutional and the jury's special circumstance findings established petitioner was a major participant in the underlying robbery and acted with reckless indifference to human life.

The matter was heard on March 16, 2020. The court stated it had "screened" the petition and scheduled it for further hearing because "there was some basis for the petition." The prosecutor expressed concern that providing the parties further opportunity to argue petitioner's eligibility would constitute "an implied finding of a prima facie case." The court asked the parties to send an e-mail to the court addressing several pending resentencing petitions, including petitioner's, explaining why the petitioners were or were not eligible for resentencing.

---

[4] Spohn pled guilty to second degree murder prior to trial. Blunt pled no contest to receiving stolen property along with Potts, and the court dismissed this count as to Ward. The court also dismissed the robbery count as to Blunt. The jury found Blunt and Ward guilty on all remaining counts and allegations. Ward was sentenced on the robbery count and related enhancements to a term of 13 years, and on the murder count to a term of life without the possibility of parole. The trial court struck the special circumstance as to Blunt and sentenced him to a term of 25 years to life for murder, a concurrent four-year term for burglary, and a concurrent two-year term for possession of stolen property. On appeal, we directed a corrected abstract of judgment be prepared for Blunt, but otherwise affirmed. (*Ward*, *supra*, F035608.)

[5] The petition raised additional issues that are not pertinent to this appeal.

On March 17, 2020, the prosecutor e-mailed the court and defense counsel regarding several petitions the prosecutor asserted failed to state a prima facie claim for relief. As to petitioner, the prosecutor stated, "The jury found the special circumstances to be true, [petitioner] was found to have been a major participant with reckless disregard. As such, he cannot establish that had the changes to [section] 188 and [section] 189 been in place, he could not have been convicted of murder." Petitioner's counsel responded, "[W]e will be submitting on the record as it is without further argument."

On April 17, 2020, the court heard and denied the petition stating, "The [c]ourt finds that he is not eligible for relief."[6]

This timely appeal followed.

## DISCUSSION

### I. Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see § 189, subd. (e); accord, *People v. Gentile* (2020) 10 Cal.5th 830, 842.) Senate Bill No. 1437 also added former section 1170.95, now renumbered as section 1172.6, which provides a procedure for persons convicted of felony murder to seek vacatur of the conviction and resentencing. (§ 1172.6, subd. (a); accord, *Gentile*, at p. 853.)

---

[6] The clerk's transcript reflects that all proceedings on the petition, including the April 17, 2020 hearing, were held before Judge Gary Paden. However, the reporter's transcript of the April 17, 2020 hearing indicates the hearing was held before Judge Juliet Boccone. This appears to be a typographical error. We nonetheless note that Judge Boccone appears to have been the prosecutor in petitioner's original trial.

4.

Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the sentencing court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief.  (§ 1172.6, subds. (a)-(c).)  If the sentencing court determines the petitioner has made such a showing, the court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction.  (§ 1172.6, subds. (c), (d)(1).)  At this evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (d)(3).)

To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing.  (*People v. Lewis* (2021) 11 Cal.5th 952, 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

**II.    Analysis**

Petitioner argues he made a prima facie claim for resentencing and the court therefore erred in denying his petition at the prima facie stage.  The People initially argued the petition was properly denied because the jury's true finding on the robbery-murder special circumstance established petitioner was a major participant in the robbery and acted with reckless indifference to human life, disqualifying factors pursuant to section 1172.6, subdivision (a)(3) and section 189, subdivision (e).

However, while this appeal was pending, our Supreme Court issued its opinion in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*).  Therein, the high court held that a special circumstance finding entered pursuant to section 190.2, subdivision (a)(17) prior to the court's decisions in *People v. Clark* (2016) 63 Cal.4th 522 and *People v. Banks*

(2015) 61 Cal.4th 788 did not preclude a section 1172.6 petitioner from making a prima facie showing of eligibility for relief.[7]  (*Strong*, at p. 703.)

In light of *Strong*, we advised the parties of our intention to reverse and remand this matter with directions to issue an order to show cause.  We afforded the parties an opportunity to file objections to this proposed disposition.  The parties responded that they had no objections to the proposed disposition.

*Strong* is dispositive of this case.  The special circumstance findings were made before *Banks* and *Clark* and therefore are not preclusive on prima facie review of the petition under section 1172.6.  (*Strong*, *supra*, 13 Cal.5th at p. 703.)  The petition was facially sufficient and alleged the essential facts necessary for relief under section 1172.6.  Because the People have presented no other basis to deny the petition at the prima facie stage, the order denying the petition must be reversed and the matter remanded with directions to issue an order to show cause and, to the extent necessary, to conduct an evidentiary hearing under subdivision (d) of section 1172.6.  We express no opinion on the ultimate resolution of the petition.

## DISPOSITION

The April 17, 2020 order denying the petition is reversed and the matter remanded with directions to issue an order to show cause and, to the extent necessary, to hold an evidentiary hearing pursuant to section 1172.6, subdivision (d).

---

[7] *Banks* and *Clark* "substantially clarified the law" regarding "what it means to be a major participant and . . . to act with reckless indifference to human life."  (*Strong*, *supra*, 13 Cal.5th at pp. 706-707.)

6.